**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:15-CR-139** |
| **v.** § | |
| § | |
| § | |
| § | |
| **JAMES RICHARD NEWTON** § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed April 26, 2023, alleging that the Defendant, James Richard Newton, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Newton was sentenced on June 16, 2016, before The Honorable Marcia Crone, of the Eastern District of Texas, after pleading guilty to the offense of Bank Robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of V, was 77 to 96 months. Newton was subsequently sentenced to 77 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment, $3,000 restitution, and a $100 special assessment.

## II.  The Period of Supervision

On April 30, 2021, Newton completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision containing nine allegations.  The petition alleges that Newton violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The Defendant shall not possess a controlled substance.

Allegation 3. The Defendant shall refrain from excessive use of alcohol, and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician.

Allegation 4. The Defendant shall notify the probation officer within 72 hours of being arrested or questioned by law enforcement.

Allegation 5. The Defendant shall refrain from the unlawful use of a controlled substance.

Allegation 6. The Defendant shall not commit another federal, state, or local crime.

Allegation 7. The Defendant shall pay $3,000 restitution, which is due immediately.  Any restitution amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the Defendant's gross income.

Allegation 8. The Defendant shall report to the probation officer as directed.

Allegation 9.  The Defendant shall work regularly at a lawful occupation, unless excused by the probation officer.

## IV. Proceedings

On June 6, 2023, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the mandatory condition that claimed he failed to refrain from the unlawful use of a controlled substance. In return, the parties agreed that Newton should serve a term of twenty (20) months' imprisonment, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

Based on 5th Circuit case law, the court can find that illicit drug use constitutes possession. According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by possessing methamphetamine through use, he will be in violation of Texas Health and Safety Code § 481.115, and will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade B violation, the court shall revoke probation or supervised release. According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that Newton violated conditions of supervision by committing the offense of possessing an opiate through use, he will be in violation of Texas Health and Safety Code § 481.117, and be guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of violation is determined by the violation having the most serious grade. As such, the most serious grade is a Grade B violation.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of V, the policy statement imprisonment range is 18 to 24 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he not possess a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is V. The policy statement range in the Guidelines Manual is 18 to 24 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of twenty (20) months, with no supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by possessing a controlled substance.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of twenty (20) months' imprisonment, with no supervised release to follow.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas.  The Defendant's request should be accommodated, if possible.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

SIGNED this 22nd day of June, 2023.

_____
Zack Hawthorn
United States Magistrate Judge